[No. 22405. Department One. November 20, 1930.]

STEPHEN BATES *et al., Appellants,* v. PEDER OLSEN *et al., Respondents.*[1]

[1]Reported in 292 Pac. 1106.

316

*P. L. Pendleton* and *W. G. Palmer,* for appellants.

*Ralph S. Pierce,* for respondents.

PARKER, J.—The plaintiffs, Bates and wife, seek recovery of damages for personal injuries to Mrs. Bates and injuries to their Chevrolet coach automobile suffered, as they claim, by the negligent driving by the servant of the defendants of their Ford truck automobile while it was being so driven in their partnership business. A trial in the superior court for Pierce county, sitting without a jury, resulted in findings and judgment denying to the plaintiffs any recovery, from which they have appealed to this court.

This cause comes to us presenting only questions of fact determinable upon conflicting evidence. The street upon which the incident occurred is in the suburbs of Tacoma. It has a well-graded but unpaved roadway upon it, a little more than sixteen feet wide and running straight east and west. It is not otherwise improved for vehicle traffic. Mrs. Bates was driving the plaintiffs' car west, and the defendants' servant was driving its truck east upon this street, approaching each other, each in plain sight of the other, for a distance of several hundred feet; thus it became necessary for them to pass each other at a point near, or some forty feet east of, a telephone pole standing just north of the roadway. They were each driving approximately near the center line of the roadway, though probably each slightly to his and her own right side thereof, until reaching respective points at which both should have turned to their right to enable them to pass in safety. Both were driving within the lawful speed limit and at approximately the same speed.

She testified, in substance, that the driver of the truck negligently, and unexpectedly to her, failed to yield to her the north half of the roadway, and thus negligently caused her to run off the north side of the roadway and against the telephone pole, by which contact she and her car were injured, and that such negligence of the defendants' driver occurred so near to the telephone pole that she was unable to avoid running against it.

The defendants' driver testified, in substance, that he timely yielded to Mrs. Bates the whole of the north half of the roadway, and that they actually passed each other in perfect safety at a point forty feet east of the telephone pole with a clear space of approximately three feet between the truck and the car. It is at all events plain that neither car was in any degree injured by contact with the other. There were no other eyewitnesses to their passing or to her driving against the telephone pole.

There is testimony of another witness as to the location of wheel tracks claimed by Mrs. Bates to have been made by the truck when it passed her car, as she claims, approximately opposite the telephone pole, which may lend some support to her version of the incident, if the passing occurred where she claimed, and if, in fact, the tracks, as she claimed, were made by the defendants' truck. There is also testimony of the mechanic who repaired the car as to how it was injured. This testimony of the mechanic, however, is of almost no aid in determining who was to blame for the injuries to Mrs. Bates and the car. There is no testimony of any other witness throwing any light upon the question of who was to blame for the occurrence of the unfortunate incident.

The testimony is somewhat unsatisfactory as presented to us by the typewritten record, in that in a con-

siderable number of places therein, the respective witnesses designate locations merely by pointing to a plat of the location, accompanied by such expressions as "here," "there," etc. These were, of course, intelligible to the trial judge, but not to us. The trial judge, by consent of the parties, visited the scene of the incident. We have painstakingly read all of the testimony and are unable to say that it preponderates against the conclusion reached by the trial judge.

The judgment is affirmed.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.

